UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA LOWMAN,

    Plaintiff,

v.                                                   CASE No. 8:08-CV-T-1214-TGW

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's testimony regarding side effects from medication, the decision will be reversed, and the matter remanded for further consideration.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has a high school education, worked as a housekeeper and food server (Tr. 351-52). The plaintiff filed a claim for

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

Social Security disability benefits, alleging that she became disabled due to arthritis in both knees (Tr. 95). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff suffered from severe impairments of obesity, hypertension, degenerative joint disease, L3-4 foraminal protrusion, chronic low back pain, osteoarthritis of the knees, and status post right knee replacement (Tr. 19). The law judge concluded that, due to these impairments, the plaintiff had the residual functional capacity to perform a limited range of sedentary work (Tr. 24). The law judge specified the following limitations (Tr. 22):

> [T]he claimant has the residual functional capacity to lift and/or carry less than ten pounds on a frequent basis and up to ten pounds on an occasional basis; to stand/or walk for a total of up to two hours per eight-hour workday; and to sit (with normal breaks) for a total of up to six hours per eight-hour workday; in addition, she is to avoid more than occasional use of foot pedals; she is to avoid concentrated exposure to humidity or extremes of temperature; and she is to avoid all exposure to unprotected hazards or unprotected heights.

The law judge found that these restrictions prevented the plaintiff from returning to past work (Tr. 24). However, based upon the testimony of a vocational expert, the law judge ruled that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as food and beverage order clerk, and reception clerk (Tr. 25, 339-43). Consequently, the law judge ruled that the plaintiff was not disabled (Tr. 25). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on one ground. Thus, the plaintiff argues that the law judge failed to address the plaintiff's testimony about the side effects of her medication and her corresponding need to lie down (Doc. 11, pp. 9, 10). This argument has merit and warrants reversal.

Citing Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981), the Eleventh Circuit has stated that the law judge "has a duty to investigate the possible side effects of medications taken by a claimant." McDevitt v. Commissioner of Social Security, 241 Fed. Appx. 615, 619 (11th Cir. 2007)(unpub. dec). The court has recognized that "it is conceivable that the side effects of medication could render a claimant disabled or at least

contribute to a disability." Cowart v. Schweiker, supra, 662 F.2d at 737. Moreover, the Social Security regulations direct the law judge to consider the side effects of medication. 20 C.F.R. 404.1529(c)(3)(iv). Consequently, the failure to conduct an evaluation of possible side effects of medication was determined to be reversible error in McDevitt v. Commissioner of Social Security, supra. The same flaw is present here.

The plaintiff's attorney adduced the following testimony from the plaintiff regarding prescriptions by the plaintiff's treating pain management physician (Tr. 362-64):

> Q: Okay. And the prescriptions he gives you are for what?
>
> A: Knee pain.
>
> Q: Now he gives you two kinds of medications, you said. Is that right?
>
> A: No. One.
>
> Q: One kind? Which one does he give you?
>
> A: He is giving me Vicodin.
>
> Q: Okay. You also mentioned about the Hydrocodone. Who was giving you that?
>
> A: Dr. Goldsmith.

Q: He's your surgeon, right?

A: Yes.

Q: Do you still take both of those pain medications?

A: Yes, I do.

Q: Which one do you take most?

A: The Vicodins.

Q: How often do you take the Vicodin?

A: Three times a day.

Q: Does that cause you to be sleepy or groggy or to affect your thinking?

A: Yes, it does.

Q: How often?

A: Every day.

Q: During the day, do you need to lay down?

A: Yes, I do.

Q: About how many times?

A: Three times a day.

Q: So you take the pill three times a day, and you lay down three times a day?

> A: Yes, I do.
>
> Q: Why do you have to lay down three times a day?
>
> A: Because it makes me sleepy.
>
> Q: What if you don't take the medication? What happens?
>
> A: I'd be in severe pain.

See also Tr. 357.

This testimony was critical because the vocational expert indicated that, if the testimony were accepted, the plaintiff would not be able to perform the jobs he had identified (and upon which the law judge relied) (Tr. 373). The law judge therefore had a duty to make an express credibility determination regarding the testimony. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)(law judge must state explicit and adequate reasons for discounting subjective symptoms).

The law judge, however, failed to evaluate the plaintiff's testimony regarding side effects from medication. Indeed, the law judge did not even mention that testimony in her summary of the evidence. Thus, while the law judge said that the plaintiff "stated that she lies down to rest two or three times per day" (Tr. 23), the law judge did not acknowledge that this was

allegedly due to her medications. In all events, no reasons were given for discounting the plaintiff's testimony about side effects.

The Commissioner does not dispute that the law judge failed to address these alleged medication side effects; rather, the Commissioner's memorandum offers reasons for discounting this evidence that were not articulated by the law judge (Doc. 14, pp. 5-10). However, this type of post-hoc rationalization by litigating counsel does not provide the proper basis for judicial review. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983). In reviewing an administrative decision, this court is limited to an evaluation of the reasons given by the administrative fact-finder. Therefore, the contentions made by the Commissioner's lawyers cannot correct the inadequacy in the law judge's decision.

The argument raised in this case is one made regularly by the Social Security lawyers in this division. As a result, I have found reversible error in several cases in the last few years alone due to a failure to evaluate allegations of side effects of medications. See, e.g., Imseis v. Astrue, Case No. 8:08-CV-172-T-TGW, Doc. 15 (March 9, 2009); Colon v. Astrue, Case No. 8:07-CV-2005-T-TGW, Doc. 29 (December 22, 2008); Olson v. Astrue,

Case No. 8:06-CV-471-T-TGW, Doc. 14 (March 16, 2007); <u>Weldon</u> v. <u>Barnhart</u>, Case No. 8:05-CV-2074-T-26TGW, Doc. 18 (January 31, 2007); <u>see also</u> <u>Adkins</u> v. <u>Astrue</u>, Case No. 8:06-CV-1317-T-TGW, Doc. 18 (August 24, 2007)(failure to evaluate doctor's opinion regarding side effects). This issue could be substantially eliminated if the law judges would address a claimant's testimony regarding side effects as directed by the regulations.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 1ː͡th day of July, 2009.

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE