UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA LOWMAN,

    Plaintiff,

v.                               CASE No. 8:08-CV-1214-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

This cause came on for consideration upon Plaintiff Sabrina Lowman's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 17) filed by counsel for the plaintiff on August 3, 2009. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $4,596.00 in fees and $350.00 in costs to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of social security disability benefits. This matter was reversed and remanded to the Social Security Administration by order of this court dated July 13, 2009 (Doc. 15). Judgment was therefore entered in favor of the plaintiff (Doc. 16). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 17).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $4,822.48 (Doc. 17). This amount represents 23.4 hours of service before the court in 2008 at hourly rates ranging between $168.70 and $176.20, and 4.2 hours in 2009 at hourly rates of $168.70 and $176.20, by attorney Christopher Deem (id., p. 10). The defendant's response states that it has no objection to an award of $4,822.42 (Doc. 18).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not

suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 27.6 hours for services performed in this case does not appear unreasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to a range of rates between $168.70 and $176.20 per hour for work performed in 2008 and 2009 (Doc. 17, p. 10).* However, most of the rate requests plainly cross into the area of unreasonableness.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were

---

*Counsel offers a range of hourly rates based on a monthly determination of the cost-of-living increase. The customary method, which the court follows, is to make this determination on an annual basis.

reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour, which is unreasonably high.

In all events, the request for more than $170.00 per hour for services performed in 2008 is patently beyond the bounds of reason. Thus, as I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case $170.00 per hour for services in 2008, when that was the maximum rate for criminal defense lawyers defending capital cases. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for hourly rates in excess of $170.00 for work done in 2008 is rejected.

Rather, as I have already done in other cases making a similar request, I will apply a rate of $165.00 per hour for work done in 2008, although that is only five dollars per hour less than was paid for work defending capital cases that year.

The hourly rate for criminal defense lawyers defending capital cases in 2009 increased to $175.00. I will award work performed in 2009 at that rate, although, in my opinion, it is too high considering the relative lack of complexity presented by these matters. Accordingly, the 23.4 hours billed in 2008 will be awarded at a rate of $165.00, and the 4.2 hours billed in 2009 will be at a rate of $175.00, for a total of $4,596.00.

Finally, it is requested that the attorney's fee be paid directly to plaintiff's counsel (Doc. 17, p. 4). In Reeves v. Barnhart, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to his counsel (Doc. 17, p. 11). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (see Doc. 18). Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, Plaintiff Sabrina Lowman's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 17) is hereby **GRANTED to the extent** that the plaintiff is hereby

awarded the amount of $4,596.00 in attorney's fees and $350.00 in costs to be paid to the plaintiff's counsel by the defendant pursuant to 28 U.S.C. 2412(a)(1), ( c)(1), (d)(1)(A), (B).

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 27th day of Sept., 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE